# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| GEROGE GYURAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   18-cv-2160 |
| | ) |
| WALMART STORES, INC., individually, | ) |
| and d/b/a WAL-MART SUPERCENTER | ) |
| 481, and CHARLEE SCHONCHECK, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Walmart Inc., improperly named as Walmart Stores, Inc., individually, and d/b/a Walmart Supercenter 481, and Charlee Schoncheck, by and through their attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Fifth Judicial Circuit, Coles County, Illinois, a certain civil action designated as No. 18-L-20, in which George Gyuran is plaintiff and Walmart Inc. ("Walmart") and Charlee Schoncheck are defendants.

2. Venue lies in the United States District Court for the Central District of Illinois in the Urbana Division pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Coles County, Illinois which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant Walmart as required by 28 U.S.C. § 1332(a).

5. Plaintiff George Gyuran is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

7. Although defendant Schoncheck is a citizen of the State of Illinois, his non-diverse citizenship does not defeat this Court's diversity jurisdiction because he was fraudulently joined.

8. Fraudulent joinder is a "judicially-created doctrine that provides an exception to the requirement of complete diversity." *Fletcher v. ZLB Behring LLC,* 2009 WL 57518, *9 (C.D. Ill. 2009). Diversity jurisdiction will not be destroyed for lack of complete diversity when a non-diverse party has been fraudulently joined. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Joinder of a non-diverse defendant is fraudulent when a plaintiff "makes false allegations of jurisdictional fact, or more commonly, when the claim against the non-diverse defendant has no possible chance of success in state court." *Puolos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Kocot v. Alliance Machine Co.*, 651 F.Supp. 226, 227 (S.D. Ill. 1986). The term "fraudulent" does not reflect the integrity of the plaintiff or imply that plaintiff's counsel acted in bad faith. *Puolos*, 959 F.2d at 73; *Fletcher,* 2009 WL 57518 at *9.

9. The basic test for fraudulent joinder is whether the non-diverse defendant had a connection with the controversy. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Hill v. Olin Corp.* 2007 WL 1431865, *6 (S.D. Ill. 2007).

10.	In this case, there is no reasonable possibility that plaintiff could succeed in his negligence claim against Schoncheck since Schoncheck has no connection to plaintiff's alleged incident other than being the "store manager" at the time of the incident.  Plaintiff alleged in Count I of the Complaint that he was injured after he was struck by another customer and fell to the floor at the Mattoon, Illinois Walmart store on October 30, 2017 (Complaint, Count I, ¶¶ 2-3, 14).  Plaintiff further alleged that defendant Schoncheck "managed" the Walmart store in question at the time of the alleged incident (Complaint, Count II, ¶ 2).

11.	Plaintiff claims that Schoncheck was negligent simply because he "managed" the store at the time of the incident (Complaint, Count II, ¶ 2).  A general manager, as an agent, however, cannot be held liable for a customer's injuries unless the agent is an active tortfeasor.  See *Northrop v. Lopatka*, 242 Ill. App. 3d 1, 5, 610 N.E.2d 806, 810 (4th Dist. 1993) (the common law does not impose strict liability on an employee who is merely the supervisor, but not the employer, of the employee who commits the tort such that an agent cannot be held responsible for the negligence of another agent unless he is guilty of fraud or gross negligence in the selection of such other agent or improperly cooperated with him in his acts or omissions); *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 408, 546 N.E.2d 751, 759-60 (1st Dist. 1989) (an agent's liability "is based on the duty which he himself owes to the third person" so that an agent is not automatically liable for torts committed by his principal).  Moreover, a manager that does not own the property at issue is not subject to premises liability absent a showing that the manager "possessed" the property.  *O'Connell v. Turner Const. Co.*, 409 Ill. App. 3d 819, 823-26, 949 N.E.2d 1105, 1108-10 (1st Dist. 2011); *Madden v. Paschen*, 395 Ill. App. 3d 362, 375, 916 N.E.2d 1203, 1214 (1st Dist. 2009).  Plaintiff failed to allege any facts against Schoncheck that would make him an "active tortfeasor" with regard to his alleged incident or that would

establish that he "possessed" the store property, and, therefore, has no reasonable possibility, as a matter of law, of recovering against him. Defendants adopt and incorporate by this reference Schoncheck's motion to dismiss and his supporting affidavit as further grounds establishing fraudulent joinder.

## AMOUNT IN CONTROVERSY

12. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

13. This action involves a claim for personal injuries and damages in excess of $50,000. (See Complaint and attached Rule 222 Affidavit signed by plaintiff's counsel). Plaintiff claimed that, as a result of the alleged incident, he sustained "severe and permanent physical injuries," including "serious fractures throughout his body, which required multiple surgeries and medical treatments" (Complaint, Count I, ¶¶ 14-15).

14. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the Court held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage

parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

15. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**TIMELINESS**

16. Plaintiff filed the Complaint on April 30, 2018 and served defendants Walmart and Charlee Schoncheck with the Complaint and Summons on May 7, 2018.

17. This notice of removal was filed within thirty days after receipt by defendants of the initial pleading pursuant to 28 U.S.C. § 1446(b).

**NOTICE REQUIREMENTS**

18. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

19. A copy of this notice of removal was filed with the Fifth Judicial Circuit, Coles County, Illinois as required by 28 U.S.C. §1446(d).

20. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendants, Walmart Inc., improperly named as Walmart Stores, Inc., individually, and d/b/a Walmart Supercenter 481, and Charlee Schoncheck, remove this case to

the United States District Court for the Central District of Illinois and hereby request that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANTS DEMAND TRIAL BY JURY**.

        DeFRANCO & BRADLEY, P.C.

By   /s/ James E. DeFranco
     James E. DeFranco, #6181134
     Brittany P. Warren, #6325934
     141 Market Place, Suite 104
     Fairview Heights, IL 62208
     (618) 628-2000
     (618) 628-2007 Fax
     defranco@defrancolaw.com
     warren@defrancolaw.com
     ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEROGE GYURAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 18-cv-2160 |
| | ) |
| WALMART STORES, INC., individually, | ) |
| and d/b/a WAL-MART SUPERCENTER | ) |
| 481, and CHARLEE SCHONCHECK, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT**

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF ST. CLAIR   )

James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

_____
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 6th day of June 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEROGE GYURAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WALMART STORES, INC., individually, )<br>and d/b/a WAL-MART SUPERCENTER )<br>481, and CHARLEE SCHONCHECK, )<br>)<br>Defendants. ) | No.   18-cv- 2160 |

**CERTIFICATE OF SERVICE**

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 6th day of June, 2018, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 6th day of June, 2018, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Fifth Judicial Circuit Court, Coles County Courthouse, Charleston, Illinois.

_____
JAMES E. DEFRANCO

SUBSCRIBED AND SWORN TO before me this 6th day of June, 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

Case No. 18-cv- 2160
Page 8 of 8