

Service of Process
Transmittal
05/08/2018
CT Log Number 533300381

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Wal-Mart Stores  (Cross Ref Name)  (Domestic State: DE)<br>Walmart Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gyuran George, Jr., Pltf. vs. Wal-Mart Stores, Inc., etc. and Charlee Schoncheck, Dfts. // To: Wal-Mart Stores, etc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Coles County - 5th Judicial Circuit Court, IL<br>Case # 2018L20 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 10/30/2017 - Store #481 located at 101 Dettro Dr., Mattoon, IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2018 at 10:48 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | William J. Harrington<br>Kanoski Bresney<br>237 E. Front Street<br>Bloomington, IL 61701<br>309-829-5700 |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / ND

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, ILLINOIS**

GEORGE GYURAN, JR.                    )
                                      )
        Plaintiff,                    )
                                      )
                                      )
vs.                                   )    Court No.: 18 L _____
                                      )
WAL-MART STORES, INC., individually and )   **2018L20**
d/b/a WAL-MART SUPERCENTER 481; and   )
CHARLEE SCHONCHECK                    )
                                      )
        Defendant.                    )

## SUMMONS

TO:   C T Corporation System, Registered Agent for
      Wal-Mart Stores, individually and d/b/a Wal-Mart Supercenter 481
      208 So. LaSalle St, Suite 814
      Chicago, IL 60604

TO EACH DEFENDANT: **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court located at Coles County Courthouse, 651 Jackson Avenue, Suite 128, Charleston, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

TO THE OFFICER: This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: __4/30/2018__, 2018

_____
Clerk of the Court

By: _____
                Deputy

Plaintiff's Attorney:   William J. Harrington, ARDC#:6209294
Street Address:         237 E. Front Street
City, State, Zip:       Bloomington, IL 61701
Telephone:              309-829-5700
Email:                  lit1@kanoski.com

                    Date of Service _____, 2018
                    (To be inserted by officer on copy left with Defendant or other person.)

EFILED
4/30/2018 11:55 AM
Melissa Hurst
Circuit Clerk
Coles County, Illinois

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, ILLINOIS

| | | |
|---|---|---|
| GEORGE GYURAN, JR. | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2018L20 |
| | ) | 18 L _____ |
| WAL-MART STORES, INC., individually and | ) | |
| d/b/a WAL-MART SUPERCENTER 481; and | ) | |
| CHARLEE SCHONCHECK, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, GEORGE GYURAN, JR., by and through his attorneys, KANOSKI BRESNEY, and in support of his complaint against the Defendant, states the following:

### COUNT: I
### (WAL-MART STORES, INC., individually and d/b/a WAL-MART SUPERCENTER 481)

1. The Defendant, WAL-MART STORES, INC., Individually and d/b/a WAL-MART SUPERCENTER 481 (hereinafter "WAL-MART"). Was at all times herein a Delaware Corporation with a nationwide presence and business and more specifically doing business throughout the City of Mattoon and State of Illinois.

2. That at all times relevant herein, this Defendant, WAL-MART, operated a store known as number "481" at 101 Dettro Drive, Mattoon, Illinois, which sold general goods and services in exchange for monetary compensation.

3. That at on or about October 30, 2017, Plaintiff was lawfully at this Defendant's establishment as described herein.

4. That at on or about October 30, 2017, Defendant, WAL-MART, had employees who they trained in how to safely confront those individuals who attempt to steal from the Defendant.

5. That prior to October 30, 2017, this Defendant, WAL-MART, had experienced numerous attempts at fraud, theft and burglary of its wares throughout all of its stores and had

studied the same.

6. That prior to October 30, 2017, this Defendant, WAL-MART, had voluntarily compiled rules, standards and protocols that its employees were to follow in dealing with individuals in its stores who wished to undertake or had undertaken theft, fraud an burglary so that the welfare and safety of its other patrons and employees were protected.

7. That prior to October 30, 2017, this Defendant, WAL-MART, voluntarily attempted to train its employees in how to safely approach, apprehend and/or confront those individuals who intended to or had committed fraud, theft and/or burglary so that the welfare and safety of its other patrons and employees was ensured.

8. That this Defendant, WAL-MART, knew from its study and prior instances, that the safest method of stopping an individual who intended fraud, theft and/or burglary was to identify the individual and not attempt to restrain him, as he would then flee potentially causing its customers harm.

9. That on or about October 30, 2017, an individual named Mikel Staudinger attempted a fraudulent return to the customer service area of WAL-MART, store number 481.

10. That on or about October 30, 2017, one or more of WAL-MART's employees approached Mikel Staudinger and chose to use physical force and contact to restrain him from leaving the premises.

11. That on or about October 30, 2017, Mikel Staudinger broke free and attempted to flee the employees and the store.

12. That at all times herein, this Defendant, WAL-MART, had a duty of ordinary care to ensure the safety of the patrons upon its premises.

13. That notwithstanding said duty, this Defendant, WAL-MART, violated its duty in one or more of the following acts and/or omissions:

   a. Failed to properly train its employees in the safe apprehension of individuals looking to steal;

   b. Failed to properly restrain an individual in a manner to prevent them from compromising the safety of innocent patrons;

   c. Engaged in physical contact with a patron of the store while knowing it

increased the risk of harm to others;

    d. Otherwise failed to protect the patrons of the store.

14. That as a direct result of Defendant, WAL-MART, negligence, the Plaintiff was violently struck and fell to the floor causing serious fractures throughout his body, which required multiple surgeries and medical treatments.

15. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of this Defendant, WAL-MART, Plaintiff, GEORGE GYURAN, JR., sustained severe and permanent physical injuries, which injuries have caused severe pain and suffering; Plaintiff was unable to attend to daily tasks following the aforesaid injuries; Plaintiff incurred medical bills, hospital bills, physical therapy bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which Plaintiff sustained.

WHEREFORE, Plaintiff, GEORGE GYURAN, JR, prays for judgment against this Defendant, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

## COUNT: II
### (CHARLES SCHONCHECK)

1. That now and at all times relevant herein, the Defendant, CHARLES SCHONCHECK resided in Marshall, Illinois.

2. That on or about October 30, 2017, and well before that said date, the Defendant, CHARLES SCHONCHECK, individually or by and through his agents, managed, controlled or had a duty to manage, control and maintain all aspects of the premises known as number "481" at 101 Dettro Dr., Mattoon, IL, which sold general goods and services in exchange for monetary compensation.

3. That at on or about October 30, 2017, Plaintiff was lawfully at this Defendant's establishment as described herein.

4. That at on or about October 30, 2017, Defendant, CHARLES SCHONCHECK, individually or by and through his agents, had employees who were trained in how to safely confront those individuals who attempt to steal from the Defendant.

5. That prior to October 30, 2017, this Defendant, CHARLES SCHONCHECK,

individually or by and though his agents, had experienced numerous attempts at fraud, theft and burglary of its wares throughout all of its stores and had studied the same.

6. That prior to October 30, 2017, this Defendant, CHARLES SCHONCHECK, individually or by and through his agents, had voluntarily compiled rules, standards and protocols that its employees were to follow in dealing with individuals in its stores who wished to undertake or had undertaken theft, fraud an burglary so that the welfare and safety of its other patrons and employees were protected.

7. That prior to October 30, 2017, this Defendant, CHARLES SCHONCHECK, individually or by and through his agents, voluntarily attempted to train its employees in how to safely approach, apprehend and/or confront those individuals who intended to or had committed fraud, theft and/or burglary so that the welfare and safety of its other patrons and employees was ensured.

8. That this Defendant, CHARLES SCHONCHECK, individually or by and through his agents, knew from its study and prior instances, that the safest method of stopping an individual who intended fraud, theft and/or burglary was to identify the individual and not attempt to restrain him, as he would then flee potentially causing its customers harm.

9. That on or about October 30, 2017, an individual named Mikel Staudinger attempted a fraudulent return to the customer service area of WAL-MART, store number 481.

10. That on or about October 30, 2017, one or more of WAL-MART's employees approached Mikel Staudinger and chose to use physical force and contact to restrain him from leaving the premises.

11. That on or about October 30, 2017, Mikel Staudinger broke free and attempted to flee the employees and the store.

12. That at all times herein, this Defendant, CHARLES SCHONCHECK, individually or by and through his agents, had a duty of ordinary care to ensure the safety of the patrons upon its premises.

13. That notwithstanding said duty, this Defendant, CHARLES SCHONCHECK, individually or by and through his agents violated its duty in one or more of the following acts and/or omissions:

a. Failed to properly train its employees in the safe apprehension of individuals looking to steal;

b. Failed to properly restrain an individual in a manner to prevent them from compromising the safety of innocent patrons;

c. Engaged in physical contact with a patron of the store while knowing it increased the risk of harm to others;

d. Otherwise failed to protect the patrons of the store.

14. That as a direct result of Defendant, CHARLES SCHONCHECK, individually or by and through his agents' negligence, the Plaintiff was violently struck and fell to the floor causing serious fractures throughout his body, which required multiple surgeries and medical treatments.

15. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of this Defendant, CHARLES SCHONCHECK, individually or by and through his agents, Plaintiff, GEORGE GYURAN, JR., sustained severe and permanent physical injuries, which injuries have caused severe pain and suffering; Plaintiff was unable to attend to daily tasks following the aforesaid injuries; Plaintiff incurred medical bills, hospital bills, physical therapy bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which Plaintiff sustained.

WHEREFORE, Plaintiff, GEORGE GYURAN, JR, prays for judgment against this Defendant, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

**PLAINTIFF DEMANDS JURY OF SIX ON ALL COUNTS**

Respectfully submitted,

GEORGE GYURAN, JR., Plaintiff by
KANOSKI BRESNEY


BY:  */s/ William J. Harrington*
       /s/ William J. Harrington

**ATTESTATION**

The undersigned hereby states and affirms under penalty of perjury as provided by Section 1-109 of the Illinois Code of Civil Procedure that the total of money damages sought herein does exceed FIFTY THOUSAND DOLLARS ($50,000.00) to the best of my knowledge, information and belief.

BY: _/s/ William J. Harrington_
/s/ William J. Harrington

William J. Harrington (IARDC# 6209294)
KANOSKI BRESNEY
Attorneys for Plaintiff
237 East Front Street
Bloomington, IL 61701
P: 309-829-5700
F: 309-829-8499
Lit1@kanoski.com